IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| RICHARD MARTIN | * |
| Plaintiff | * |
| v | *   Civil Action No. GJH-15-2302 |
| HOWARD J. WALSH, III, Esq. | * |
| Defendant | * |
| | *** |

## MEMORANDUM

Richard Martin ("Martin"), a resident of Boston, Massachusetts, filed a personal injury action against his privately retained counsel who represented him following his December 26, 2008 arrest in Montgomery County, Maryland. Martin, who is self-represented, filed this Complaint on August 6, 2015. ECF No. 1. He will be granted leave to proceed in forma pauperis because the financial affidavit accompanying his Complaint indicates that he has no source of income. ECF No. 2.

Martin indicates that he was represented by Attorney Howard J. Walsh, III, and pleaded guilty to harassment and a fourth-degree burglary, for which he was sentenced to six months of incarceration.[1] While serving his sentence at the Montgomery County Detention Center ("MCDC") Martin claims he was subjected to "a minor assault and some verbal abuse."[2] ECF No. 1 at 7. He blames his conviction and all "offensive contacts that [he] endured" from the time

---

[1] Martin notes that after four months of incarceration he was released. His probation ended in 2014. ECF No. 1 at 7. The case is not listed on Maryland's electronic docket. Exhibits provided with the Complaint suggest the case of *State of Maryland v. Richard Martin*, Case No. 112136, prosecuted in the Circuit Court for Montgomery County, Maryland, arose when a local dentist, Kim Hoa Lam, complained that Martin was stalking her. ECF No. 1-15; *see also* Indictment, ECF No. 1-14.

[2] Martin makes no claim of civil rights violations against MCDC or MCDC personnel.

of arrest until release from detention on his attorney,[3] and alleges that Walsh committed a variety of torts, including assault, battery, defamation, false imprisonment, intentional infliction of emotional distress, and negligence. *Id.* at 15-16.  He seeks $10 million in damages and Walsh's disbarment. *Id.* at 17.

This complaint is filed under 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in federal court without prepaying the filing fee.  To guard against possible abuses of this privilege, the statute requires a court to dismiss any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).  In this context, this Court is mindful of its obligation to liberally construe the pleadings of pro se litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In evaluating a pro se complaint, a plaintiff's allegations are assumed to be true.  *Id*. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)).  Nonetheless, liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs*., 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented."). Thus, this Court is obligated to examine both the tort claims outlined in the Complaint, and also examine whether the Complaint is sufficient to state a civil rights violation under 42 U.S.C. § 1983.

Liberal construction of Martin's Complaint, however, does not save it from early dismissal. A private person, including an attorney, acts "under color of" state law when engaged in a conspiracy with state officials to deprive another of his federal rights.  *See Tower v. Glover,* 467 U.S. 914, 920 (1984), citing *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980). Martin complains about the Montgomery County police officers who arrested him and conducted the investigation

---

[3]Martin indicates his DNA was collected, presumably for inclusion in a criminal database.

that led to his indictment.  He does not allege that his counsel conspired with the State and thus acted under color of state law.  Thus, Martin's claims cannot proceed under § 1983.

Martin's tort claims fare no better.  His lawsuit cannot survive initial review as it is time-barred.  Maryland's general three-year statute of limitations for civil actions is most applicable to the case at bar.  *See* Md. Code Ann., Cts. & Jud. Proc., § 5-101.  At the latest, Martin's legal malpractice claim would have been manifested at the time of sentencing, which occurred on August 3, 2009. ECF No. 1 at 2.  Martin's request for equitable tolling (ECF No. 1 at 2), based upon his inability to find an attorney to represent him in a civil action against Walsh,[4] is unavailing.  Because Martin did not file the instant lawsuit before the limitations period expired, it is time-barred and cannot proceed.

Title 28 U.S.C. §1915(e)(2) obligates federal courts to dismiss cases at *any time* if the action is legally frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  For the reasons stated, the case is subject to dismissal.  Martin's request to file electronic pleadings (ECF No. 3) shall be denied as moot.  A separate Order follows.


Dated: August 21, 2015                                         /S/
                                                         GEORGE J. HAZEL
                                                         United States District Judge

---

[4] As he is not proceeding against the Montgomery County Police Department in this action, his statement regarding equitable tolling because he was "afraid" of what the police might do if he took action against them (ECF No. 1 at 2) is not relevant with regard to his allegations against Walsh.